IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-122-FL-1
No. 7:11-CV-278-FL

| | |
|---|---|
| ROBERT LEON GRAY, ) | |
| ) | |
| Petitioner, ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on Petitioner Robert Gray's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Pet'r's Mot.") [DE-104]. This court also undertakes review of the government's motion to dismiss Petitioner's motion, Mot. to Dismiss ("Gov't's Mot.") [DE-109], supported by a memorandum, Mem. in Supp. of Mot. to Dismiss ("Gov't's Mem.") [DE-110]. Petitioner did not respond to the government's motion and the matter is ripe for review. Petitioner's motion was referred to this court and is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CRIM. P. 59(b)(1)(B). For the following reasons, it is recommended that (1) the government's motion to dismiss [DE-109] be allowed and (2) Petitioner's motion to vacate, set aside or correct his sentence [DE-104] be dismissed.

## I. BACKGROUND

On December 3, 2008, pursuant to a plea agreement, Petitioner entered a plea of guilty to possession with intent to distribute more than five grams of cocaine in violation of 21 U.S.C. §

841(a)(1).[1] Mem. of Plea Agreement [DE-66]. A sentencing hearing was held in Petitioner's case on July 10, 2009. J. in a Criminal Case [DE-24]; Sentencing Tr. [DE-95]. Petitioner's base offense level was calculated using § 2D1.1 of the United States Sentencing Guidelines ("USSG" or "Guidelines"), the applicable Guidelines section for the instant drug offense.[2] Presentence Investigation Report ("PSR") [DE-71] ¶ 45. For purposes of calculating Petitioner's guideline range, the PSR prepared by the probation office determined Petitioner was accountable for 2.7339874 kilograms of cocaine base and 0.5 grams of heroin, or a marijuana equivalency of 54,788.25 kilograms, resulting in a starting base offense level ("BOL") of 38 under the advisory Guidelines.[3] PSR ¶ 7, 45. However, Petitioner's BOL was reduced by 2 levels under § 2D1.1, Application Note 10(D) leaving a BOL of 36. PSR ¶ 45. The district court adopted the PSR in part, but deviated from the PSR's recommended BOL determination. The court determined Petitioner's BOL to be 34 based on its determination that the readily provable drug quantity was only 662 grams of cocaine base.[4] Sentencing Tr. at 4, 5. Three points were subtracted in light of Petitioner's acceptance of

---

[1] The offense conduct was recovery of 5.4 grams of cocaine base in a search of Petitioner's vehicle. Presentence Investigation Report ("PSR") ¶ 6.

[2] The PSR submitted to the court in this case relied on the 2008 edition of the United States Sentencing Guidelines Manual.

[3] The probation officer calculated a cocaine base of 2.7339874 kilograms based on historical statements from two individuals regarding Petitioner's drug-trafficking activities. PSR ¶ 7. This cocaine base was then used to calculate a marijuana equivalency for sentencing purposes.

[4] Prior to sentencing, Petitioner objected to the historical statements from individuals in Paragraph 7 of the PSR used to calculate Petitioner's total drug accountability on the grounds that the statements were unreliable and false. PSR Addendum 1. At sentencing, Petitioner and the government agreed to a lower drug quantity of 662 grams. Sentencing Tr. at 5. Thus, the court sustained Petitioner's objection to the extent of the agreed-to drug amount. *Id.* at 6.

2

responsibility resulting in a total offense level of 31. PSR ¶ 52; Sentencing Tr. at 3, 4. The court, thereafter, determined Petitioner's advisory guideline range to be 188 to 235 months based on a total offense level of 31 and a criminal history category of VI. Sentencing Tr. at 7.

Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), Petitioner's prior state court convictions qualified as felony offenses for federal sentencing purposes.[5] As such, Petitioner was designated a career offender and subject to sentence enhancement under § 4B1.1. PSR ¶ 51. Pursuant to § 4B1.1(b), the corresponding offense level for a career offender with Petitioner's statutory maximum of 40 years under 21 U.S.C. § 841(b)(1)(B) is 34, the same as Petitioner's BOL determined at sentencing. Petitioner was sentenced by the district court to a term of 210 months of imprisonment on the drug conviction. J. in a Criminal Case at 1-2. The district court further imposed a five-year term of supervised release.[6] *Id.* at 3. Petitioner did not challenge either his conviction or sentence on direct appeal to the Fourth Circuit on the grounds asserted here.[7] Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 challenging

---

[5] According to Petitioner's PSR, Petitioner was convicted of conspiracy to commit robbery with a dangerous weapon and possession with intent to sell/deliver marijuana in the North Carolina Superior Court of New Hanover County, each serving as a predicate felony for federal sentencing purposes. PSR ¶¶ 16, 17. Petitioner objected to the use of his possession with intent to sell/deliver marijuana conviction as a predicate felony. PSR ¶ 17; PSR Addendum ¶ 2. The district court overruled Petitioner's objection. Sentencing Tr. at 6.

[6] The statutory provisions provide a minimum term of five years and maximum term of 40 years imprisonment. *See* PSR ¶ 55 (citing 21 U.S.C. § 841(b)(1)(B)). At least four years of supervised release is required if a sentence of imprisonment is imposed. *See* PSR ¶ 58 (citing 21 U.S.C. § 841(b)(1)(B)). Additionally, the government did not seek an enhancement pursuant to 21 U.S.C. § 851 for a prior felony drug offense keeping Petitioner's mandatory minimum sentence at five years. Mem. of Plea Agreement at 6; PSR ¶ 2.

[7] Petitioner's § 2255 motion indicates that he made a direct appeal to the Fourth Circuit Court of Appeals based on an alleged violation of Petitioner's rights under the Fourth Amendment. Pet'r's Mot. at 2. The Fourth Circuit affirmed the district court. [DE-100].

3

his sentence on multiple grounds.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern*

---

Petitioner subsequently filed a petition for writ *of certiorari* to the United States Supreme Court. Pet'r's Mot. at 2. The Supreme Court denied *cert* on April 4, 2011. *See Gray v. United States*, 131 S. Ct. 1832 (2011).

4

*Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### B. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

Petitioner asserts three grounds for relief:

5

(1) the prior North Carolina state convictions upon which the court based its career offender designation do not qualify as predicate convictions under section 4B1.1(a) of the Guidelines in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) ("the *Simmons* claim");

(2) the recent crack cocaine amendment to the Guidelines, specifically Amendment 750, should be applied retroactively to Petitioner ("the Guideline amendment claim");[8] and

(3) Petitioner is entitled to re-sentencing in accordance with the Fair Sentencing Act ("FSA") of 2010 ("the FSA claim").

Pet'r's Mot. at 4, 5, 7.

### A. *Simmons* Claim[9]

In its motion to dismiss, the government argues that Petitioner's claim is not cognizable under § 2255 and without merit because Petitioner's designation as a career offender had no impact on his advisory guideline range. Gov't's Mem. at 1, 3-5.

Section 2255(a) recognizes that a § 2255 motion provides relief for sentences that exceed the maximum authorized by law. 28 U.S.C. § 2255(a). However, it is generally recognized that errors in the application of the sentencing Guidelines cannot be raised in a subsequent § 2255 motion since

---

[8] It appears that Petitioner's second ground in support of his motion is a request for a reduction in sentence as a result of the recent crack cocaine amendment to the Guidelines. Petitioner's argument states the following:
> Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c) and USSG Amendment 750. The defendant's relevant conduct should be determined by using the 2011 guideline manual's 18:1 ratio for crack and powder cocaine. The new crack cocaine ratio was made retroactive and applicable to every defendant who's [sic] relevant conduct of crack cocaine is less than 8.4 Kilograms and/or is not a career offender.

Pet'r's Mot. at 5.

[9] The government has not raised an issue of timeliness with regard to Petitioner's motion nor has the government argued the impact (if any) of a waiver provision contained in Petitioner's plea agreement. *See* Mem. of Plea Agreement at 1-2 ¶ 2(c). The court notes that Petitioner's petition for *writ of certiorari* to the Supreme Court was denied on April 4, 2011, thereby making his motion, filed on December 31, 2011, timely under 28 U.S.C. § 2255(1).

they do not constitute a miscarriage of justice absent a sentence exceeding the statutory maximum. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also Mikalajunas*, 186 F.3d at 496 (holding that claims of guideline application are not cognizable under § 2255 because they fall short of a miscarriage of justice); *Barksdale v. United States*, Nos. 5:08-CR-382-BO, 5:12-CV-419-BO, 2012 U.S. Dist. LEXIS 150469, at *3, 2012 WL 5182995, at *1 (E.D.N.C. Oct. 18, 2012) ("[B]ecause career offenders cannot receive sentences in excess of their statutory maximum, those petitioners cannot rely on *Carachuri-Rosendo* to obtain relief under 28 U.S.C. § 2255."). Thus, a petitioner who has been sentenced within the statutory maximum may not seek relief under § 2255. *Jones v. United States*, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, at *2, 2012 WL 4432675, at *1-2 (E.D.N.C. Sept. 24, 2012) (citing *United States v. Powell*, 691 F.3d 554, 563 (4th Cir. 2012) (King, J., dissenting)); *see also Farmer v. United States*, Nos. 5:02-CR-131-BO, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 164227, at *4, 2012 WL 5835524, at *2 (E.D.N.C. Nov. 16, 2012); *Dailey v. United Sates*, Nos. 7:06-CR-36-BO, 7:12-CV-224-BO, 2012 U.S. Dist. LEXIS 161419, at *5, 2012 WL 5471156, at *2 (E.D.N.C. Nov. 9, 2012); *Jackson v. United States*, Nos. 3:04-CR-162-FDW-2, 3:11-CV-673-FDW, 2012 U.S. Dist. LEXIS 156006, at *9, 2012 WL 5379057, at *3 (W.D.N.C. Oct. 31, 2012). Here, Petitioner's statutory maximum sentence was not more than 40 years (or 480 months) in custody. PSR ¶ 55 (citing 21 U.S.C. § 841(b)(1)(B)). Petitioner was only sentenced to 210 months, well below the statutory maximum. J. in a Criminal Case at 1-2. Therefore, Petitioner cannot establish a miscarriage of justice to warrant relief under his § 2255 motion.

Furthermore, as the government contends, Petitioner's guideline range would not change even if Petitioner were no longer designated a career offender because his BOL (34) determined by

7

the court at sentencing under § 2D1.1 for the drug offense equals the enhanced offense level (34) specified by a career offender designation. *See* U.S.S.G. §§ 2D1.1, 4B1.1; PSR ¶ 51; Sentencing Tr. at 4. Guidelines section 4B1.1(b) instructs that the enhanced career offender offense level <u>only applies</u> if it is greater than the offense level otherwise applicable, *i.e.* the offense level for the defendant's charged offense. Here, Petitioner was sentenced pursuant to the BOL (34) calculated under § 2D1.1 because the career offender offense level was not greater than the BOL for the drug offense. PSR ¶ 51; Sentencing Tr. at 4. Therefore, Petitioner did not receive a career offender enhancement in practicality because the career offender designation had no impact on his total offense level for sentencing purposes. PSR ¶ 51.

The Fourth Circuit has agreed with other courts that it is not necessary to "determine whether [a] guideline error occurred when 'a decision either way will not affect the outcome of [the] case.'" *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) (quoting *United States v. Keene*, 470 F.3d 1347, 1348 (11th Cir. 2006)).[10] The nature of Petitioner's claims do not reflect a typical procedural guideline error allegation given the unique impact of *Simmons* on career offender enhancements; however, the court views Petitioner's claims as analogous because Petitioner's career offender designation did not impact the sentence imposed by the district court. Sentencing Tr. at 4; *see Harris v. United States*, Nos. 5:08-CR-156-D-1, 5:12-CV-30-D, 2012 U.S. Dist. LEXIS 174902, at *9-10, 2012 WL 6184832, at *3 (E.D.N.C. Dec. 11, 2012) (holding that Petitioner's claims,

---

[10] The Fourth Circuit has recognized the "assumed error harmlessness inquiry" whereby if two components are met, there is no reason to send a case back to the district court if the same exact sentence would be imposed. *Savillon-Matute*, 636 F.3d at 123. The two components are as follows: (1) "knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way," and (2) "a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor . . . ." *Keene*, 470 F.3d at 1349.

8

asserting that two enhancements under section 2K2.1 are no longer valid under *Simmons*, fail on the merits because the court would have imposed the exact same sentence without the allegedly improper enhancements); *Barksdale*, 2012 U.S. Dist. LEXIS 150469, at *3, 2012 WL 5182995, at *1 (recognizing that the defendant was not entitled to relief because defendant's guideline range would not change even if defendant were no longer designated a career offender as his drug quantity exceeded the offense level required by his career offender designation). The government concedes that Petitioner is no longer a career offender in light of *Simmons*, but Petitioner's sentence was determined based on his § 2D1.1 BOL of 34, not a career offender offense level under § 4B1.1. The court may impose the exact same sentence because the guideline range is the same irrespective of the career offender designation. Thus, Petitioner is not entitled to relief under *Simmons* even if it were applicable. *See Barksdale*, 2012 U.S. Dist. LEXIS 150469, at *3, 2011 WL 5182995, at *1 (recognizing the guideline range would remain the same without the career offender designation).

In light of the foregoing, the court finds that Petitioner's challenge to the career offender enhancement is not cognizable under § 2255 as Petitioner did not receive a sentence that exceeds his statutory maximum. Additionally, Petitioner has not alleged any facts which make the alleged guideline calculation error result in a miscarriage of justice, thus allowing for collateral attack of his sentence. *See Mikalajunas*, 186 F.3d at 496. It is also true that Petitioner's advisory guideline range will remain the same irrespective of his career offender designation. Accordingly, this court recommends Petitioner's *Simmons* claim be DISMISSED.

**B.   Guideline Amendment Claim**

Petitioner contends that the recent crack cocaine amendment to the Guidelines, Amendment 750, should be applied to reduce Petitioner's sentence. Pet'r's Mot. at 5. Even though Amendment

9

750 (Parts A and C) was made retroactive, effective November 1, 2011, in section 1B1.10(c) of the Guidelines, Petitioner's § 2255 motion is not the appropriate vehicle for pursuing such relief. *See United States v. Jones*, 143 F. App'x 526, 527 (4th Cir. 2005) ("A motion under § 3582(c)(2) is a post-conviction remedy for an improperly computed sentence that is separate and distinct from a § 2255 motion."); *Miller v. United States*, Nos. 1:07-CR-128, 1:10-CV-3875, 2011 WL 6003180, at *8 (N.D. Ga. Sept. 30, 2011), *adopted by* 2011 WL 6002601 (N.D. Ga. Nov. 29, 2011) (recognizing a § 2255 motion is not the "proper vehicle" to obtain relief for a Guideline amendment); *Walker v. United States*, Nos. 7:07-CR-76-1-BR, 7:10-CV-176-BR, 2011 U.S. Dist. LEXIS 38232, at *6 n.1, 2011 WL 1337409, at *2 n.1 (E.D.N.C. Apr. 7, 2011). "When the Commission makes a Guidelines amendment that reduces a sentencing range retroactively applicable, 'the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the [] Commission." *Miller*, 2011 WL 6003180, at *8 (quoting 28 U.S.C. § 3582(c)(2)). Courts recognize that "a motion pursuant to 18 U.S.C. § 3582(c) is [the] appropriate [motion to be made for a sentence reduction based on a Guideline amendment], not a motion to vacate under 28 U.S.C. § 2255." *Walker*, 2011 U.S. Dist. LEXIS 38232, at *6 n.1, 2011 WL 1337409, at *2 n.1.

Here, Petitioner has requested a sentence reduction based on Amendment 750. While Petitioner cites in the explanation portion of his § 2255 motion that he is seeking relief pursuant to § 3582(c) for a Guideline amendment, he has included this requested relief within his § 2255 motion and failed to file a separate § 3582 motion. The court will not recharacterize Petitioner's motion as a motion for relief pursuant to § 3582(c). Indeed, in deciding a § 3582 motion, the court would consider several factors as set forth in 18 U.S.C. § 3553(a). *See Miller*, 2011 WL 60003180, at *8

10

("When the Commission makes a Guidelines amendment that reduces a sentencing range retroactively applicable, 'the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the [ ] Commission.'") (quoting 18 U.S.C. §3582(c)(2)). Petitioner's current motion, styled as a § 2255 motion, simply does not address these sentencing factors. Accordingly, the court recommends Petitioner's Guideline amendment claim, as presented in the instant § 2255 motion, be DISMISSED.

## C. FSA Claim

Finally, Petitioner seeks re-sentencing in accordance with the FSA. Pet'r's Mot. at 7. Specifically, Petitioner seeks application of the FSA prospectively in any subsequent sentencing proceeding. *Id.* The government concedes that the FSA should apply to those offenders whose crimes preceded the effective date of the FSA, August 3, 2010, but who were sentenced after that date. Gov't's Mem. at 4. However, the government contends the FSA does not apply in the instant case. *Id.*

The FSA increased the threshold quantities of cocaine base or crack cocaine needed to trigger certain mandatory minimum sentences under 21 U.S.C. § 841(b). *See Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012); *United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011) (citing Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010)). "Prior to the effective date (August 3, 2010) of the FSA, the amount of cocaine necessary to bring the mandatory minimum sentences into play was based on what is now viewed as the flawed 100:1 ratio of crack vs. powder cocaine." *United States v. Fisher*, 635 F.3d 336, 338 (7th Cir. 2011); *see also Dorsey*, 132 S. Ct. at 2328-29. In particular, under the pre-FSA version of § 841(b)(1), a defendant with no prior felony

11

drug offenses faced a mandatory minimum five-year sentence for possession of at least five grams of crack cocaine, and a minimum ten-year sentence for possession of at least fifty grams of crack cocaine. *Bullard*, 645 F.3d at 246; *see also* 21 U.S.C. § 841(b)(1)(A)-(B) (2010). The FSA raised the crack cocaine amounts necessary to trigger these five- and ten-year mandatory minimum sentences from 5 grams to 28 grams, and 50 grams to 280 grams, respectively, such that those defendants convicted of possessing smaller amounts of crack cocaine now face shorter required sentences. *Bullard*, 645 F.3d at 246 (citing Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010)).

The Fourth Circuit and other circuits have held that the FSA is not retroactively applicable to defendants sentenced *before* its enactment. *See Bullard*, 645 F.3d at 248 ("We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language.") (collecting cases). Thus, the FSA provides no sentence relief for offenders sentenced prior to August 3, 2010. *See id.* While this may produce a sentencing disparity between offenders sentenced prior to the FSA and other similarly situated offenders sentenced post-FSA,[11] it is recognized that "the ordinary practice [in federal sentencing] is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Dorsey*, 132 S. Ct. at 2335. In the unique situation where a defendant is being sentenced after the effective date of the FSA for a pre-FSA crime, the Supreme

---

[11] Petitioner pled guilty to possessing with intent to distribute more than five (5) grams of cocaine base (crack). [DE-3, 66, 81]. At the time of Petitioner's sentencing, a pre-FSA crack cocaine amount of at least five (5) grams mandated a five-year minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B). Now, a defendant sentenced for the same five (5) grams of crack cocaine post-FSA would not face a mandatory minimum sentence because the crack cocaine amount necessary to trigger the five-year minimum was increased to 28 grams. *See* 21 U.S.C. § 841(b)(1)(B).

12

Court has ruled that the FSA is retroactively applicable to those defendants. *Dorsey*, 132 S. Ct. at 2331.

Here, Petitioner committed his crimes and was sentenced prior to the FSA's effective date. Petitioner's offense conduct occurred on or about July 17, 2006 [DE-3] and Petitioner was sentenced by the district court on July 10, 2009 [DE-81]. The FSA's effective date was not until the following year on August 3, 2010. Thus, Fourth Circuit precedent dictates that Petitioner is not entitled to relief under the FSA. *See Bullard*, 645 F.3d at 248. Additionally, Petitioner's case is not impacted by the Supreme Court's decision in *Dorsey*. *Id.* at 2331 (providing retroactive relief for a narrow class of offenders sentenced after the FSA's effective date for pre-FSA conduct). Accordingly, this court recommends Petitioner's FSA claim be DISMISSED.

## IV. CONCLUSION

Based upon the foregoing, the court recommends (1) the government's motion to dismiss [DE-109] be ALLOWED and (2) Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [DE-104] be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

13

Submitted, the 6th day of March, 2013.

                                                 */s/ Robert B. Jones, Jr.*
                                                 Robert B. Jones, Jr.
                                                 United States Magistrate Judge