IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-122-FL
No. 7:11-CV-278-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| ROBERT LEON GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for clarification and motion to appoint counsel (DE 117) and motion for release of seized funds (DE 116). Defendant filed, through counsel, on December 31, 2011, a motion to vacate under 28 U.S.C. § 2255, asserting claims for relief on the basis of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), crack cocaine amendments to the Sentencing Guidelines, and the Fair Sentencing Act of 2010. On April 24, 2013, the court dismissed defendant's motion to vacate, adopting recommendation of magistrate judge entered March 6, 2013.

In his motion to clarify, defendant asserts that counsel did not communicate with him regarding the reasons for dismissal of his petition. He seeks to understand whether any recent cases or amendments to laws have any impact on his sentence, citing again Simmons and the crack cocaine amendments to the Sentencing Guidelines. To the extent defendant's motion can be construed as a motion for relief from judgment, under Federal Rule of Civil Procedure 60(b), the

motion is DENIED where the court already addressed these potential grounds for relief in its order adopting the recommendation of the magistrate judge. Recent cases, including <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2011) do not alter the court's analysis that defendant's <u>Simmons</u> claim is not cognizable upon collateral review and does not impact the sentence received. The clerk is DIRECTED to provide defendant a copy of the court's April 24, 2013, order and the March 6, 2013, recommendation of the magistrate judge upon which it was based.

With respect to defendant's motion to appoint counsel, regarding the claims raised in defendant's motion to vacate, the motion is DENIED AS MOOT where these claims previously were adjudicated. To the extent defendant seeks appointment of counsel with respect to claims based upon the crack cocaine amendments to the Sentencing Guidelines, the motion is also DENIED AS MOOT, on the basis that Standing Order 11-SO-01 provides for appointment of the Office of the Federal Public Defender to determine whether defendant may qualify to seek reduction of sentence and to present any motions or applications for reduction of sentence in accordance with the revised base offense levels for crack cocaine, USSG § 2D1.1 and 18 U.S.C. § 3582(c)(2). The clerk is DIRECTED to provide defendant a copy of Standing Order 11-SO-01.

The court turns next to defendant's motion for release of seized funds (DE 116). Defendant seeks return of $1400 that he contends was seized during investigation of armed robbery and assault charges that purportedly were dismissed in 2006. On the facts alleged, petitioner provides no basis, in the context of this federal criminal case, wherein petitioner was charged and convicted of possession with intent to distribute cocaine base and heroin, for return of funds seized in connection with armed robbery and assault charges. <u>See</u> Fed. R. Crim P. 41(g) (describing motion to return

2

property seized unlawfully); Ibarra v. United States, 120 F.3d 472, 475 (4th Cir. 1997) ("[A]fter the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court has no jurisdiction to resolve claims for the return of seized property.") (citation omitted); United States v. Jenkins, 149 F. App'x 129, 130 (4th Cir. 2005) (stating that where movant for return of property seized pursuant to a state search warrant "failed to formally move for the return of his property as required by state law, he had no right to the return of his property"). Accordingly the motion for release of seized funds is DENIED.

SO ORDERED, this the 5th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

3